# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**STEPHEN TORRES, as Personal Representative**
**of the Estate of CHRISTOPHER TORRES, deceased.**

     Plaintiff,

v.                                                      **CIV 12-1048 ACT/KBM**

**CITY OF ALBUQUERQUE, ex rel.**
**ALBUQUERQUE POLICE DEPARTMENT;**
**CHRISTOPHER BROWN; and**
**RICHARD HILGER,**

     Defendants.

## ANSWER TO COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS AND VIOLATION OF AMERICANS WITH DISABILITIES ACT

Defendants, the City of Albuquerque, ex rel. Albuquerque Police Department, Christopher Brown and Richard Hilger (*hereinafter* collectively referred to as "City Defendants"), through their attorneys, Kathryn Levy, Deputy City Attorney and Robles, Rael & Anaya, P.C. (Luis Robles, Esq. and Terri Sauer Beach, Esq.), state the following for their Answer to Complaint for Deprivation of Civil Rights and Violation of Americans with Disabilities Act:

## PARTIES, JURISDICTION, AND VENUE

1.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 1 of Plaintiff's Complaint for Deprivation of Civil Rights and Violation of Americans with Disabilities Act (*hereinafter* referred to as the "Estate's Complaint") and, therefore, deny these allegations.

2.      City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 2 of the Estate's Complaint and, therefore, deny these allegations.

3.      City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 3 of the Estate's Complaint and, therefore, deny these allegations.

4.      With regard to paragraph 4 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 4 of the Estate's Complaint.  To the extent that paragraph 4 of the Estate's Complaint alleges facts, City Defendants admit the allegations made in paragraph 4 of the Estate's Complaint.

5.      City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 5 of the Estate's Complaint and, therefore, deny these allegations.

6.      City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 6 of the Estate's Complaint and, therefore, deny these allegations.

7.      With regard to paragraph 7of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 7 of the Estate's Complaint.  To the extent that paragraph 7 of the Estate's Complaint alleges facts, City Defendants have neither knowledge nor

information sufficient to form a belief as to the truth of the allegations made in paragraph 7 of the Estate's Complaint and, therefore, deny these allegations

8.    With regard to the allegations made in paragraph 8 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 8 of the Estate's Complaint.  To the extent that paragraph 8 of the Estate's Complaint alleges facts, City Defendants admit the allegations made in paragraph 8 of the Estate's Complaint.

9.    City Defendants admit the allegations made in paragraph 9 of the Estate's Complaint.

10.    With regard to paragraph 10 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 10 of the Estate's Complaint.  To the extent that paragraph 10 of the Estate's Complaint alleges facts, City Defendants admit the allegations made in paragraph 10 of the Estate's Complaint.

## FACTUAL BACKGROUND

**Police Departments Must Not Create a Culture of Use of Excessive Force**

11.    City Defendants admit the allegations made in paragraph 11 of the Estate's Complaint.

12.    With regard to the allegations made in paragraph 12 of the Estate's Complaint, City Defendants admit that police departments must establish standard operating procedures, training, monitoring, discipline and supervision. With regard to the remaining allegations made in paragraph 12 of the Estate's Complaint, City Defendants have neither knowledge nor information sufficient

3

to form a belief as to the truth of the remaining allegations made in paragraph 12 of the Estate's Complaint and, therefore, deny these allegations.

13.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 13 of the Estate's Complaint and, therefore, deny these allegations.

14.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 14 of the Estate's Complaint and, therefore, deny these allegations.

**Police Departments May Not Discriminate Against Citizens with Disabilities**

15.     With regard to paragraph 15 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 15 of the Estate's Complaint.  To the extent that paragraph 15 of the Estate's Complaint alleges facts, City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 15 of the Estate's Complaint and, therefore, deny these allegations.

16.     With regard to paragraph 16 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 16 of the Estate's Complaint.  To the extent that paragraph 16 of the Estate's Complaint alleges facts, City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 16 of the Estate's Complaint and, therefore, deny these allegations.

4

17.    With regard to paragraph 17 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 17 of the Estate's Complaint.  To the extent that paragraph 17 of the Estate's Complaint alleges facts, City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 17 of the Estate's Complaint and, therefore, deny these allegations.

18.    With regard to paragraph 18 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 18 of the Estate's Complaint.  To the extent that paragraph 18 of the Estate's Complaint alleges facts, City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 18 of the Estate's Complaint and, therefore, deny these allegations.

19.    With regard to paragraph 19 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 19 of the Estate's Complaint.  To the extent that paragraph 19 of the Estate's Complaint alleges facts, City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 19 of the Estate's Complaint and, therefore, deny these allegations.

**Police Should not Use Excessive Force on Citizens**

20.    City Defendants admit the allegations made in paragraph 20 of the Estate's Complaint.

21.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 21 of the Estate's Complaint and, therefore, deny these allegations.

22.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 22 of the Estate's Complaint and, therefore, deny these allegations.

23.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 23 of the Estate's Complaint and, therefore, deny these allegations.

24.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 24 of the Estate's Complaint and, therefore, deny these allegations.

25.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 25 of the Estate's Complaint and, therefore, deny these allegations.

26.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 26 of the Estate's Complaint and, therefore, deny these allegations.

27.     With regard to paragraph 27 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 27 of the Estate's Complaint.  To the extent that

paragraph 27 of the Estate's Complaint alleges facts, City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 27 of the Estate's Complaint and, therefore, deny these allegations.

28.     City Defendants deny the allegations made in paragraph 28 of the Estate's Complaint.

**Christopher Torres**

29.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 29 of the Estate's Complaint and, therefore, deny these allegations.

30.     With regard to the allegations made in paragraph 30 of the Estate's Complaint, City Defendants admit that an Albuquerque Police Department officer shot and killed Christopher Torres. With regard to the remaining allegations made in paragraph 30 of the Estate's Complaint, however, City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 30 of the Estate's Complaint and, therefore, deny these allegations.

31.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 31 of the Estate's Complaint and, therefore, deny these allegations.

32.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 32 of the Estate's Complaint and, therefore, deny these allegations.

33.     City Defendants have neither knowledge nor information sufficient to form a belief

as to the truth of the allegations made in paragraph 33 of the Estate's Complaint and, therefore, deny these allegations.

34.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 34 of the Estate's Complaint and, therefore, deny these allegations.

35.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 35 of the Estate's Complaint and, therefore, deny these allegations.

36.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 36 of the Estate's Complaint and, therefore, deny these allegations.

**APD Did Not Have Adequate Services to Ensure Proper Treatment of Citizens with Mental Illnesses**

37.     City Defendants deny all of the allegations made in paragraph 37 of the Estate's Complaint.

38.     City Defendants deny all of the allegations made in paragraph 38 of the Estate's Complaint.

39.     City Defendants deny all of the allegations made in paragraph 39 of the Estate's Complaint.

40.     City Defendants admit that Officers Brown and Hilger went to the Torres home to serve an arrest warrant on Christopher Torres without the assistance of a member of the Albuquerque

8

Police Department's Crisis Intervention Team.  With regard to the remaining allegations made in paragraph 40 of the Estate's Complaint, City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 40 of the Estate's Complaint and, therefore, deny these allegations.

41.     City Defendants admit that Officers Brown and Hilger are not members of the Albuquerque Police Department's Crisis Intervention Team.   With regard to the remaining allegations made in paragraph 41 of the Estate's Complaint, City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 41 of the Estate's Complaint and, therefore, deny these allegations.

42.     City Defendants deny all of the allegations made in paragraph 42 of the Estate's Complaint.

**The Shooting**

43.     City Defendants deny the allegations made in paragraph 43 of the Estate's Complaint.

44.     City Defendants admit the allegations made in paragraph 44 of the Estate's Complaint.

45.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 45 of the Estate's Complaint and, therefore, deny these allegations.

46.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 46 of the Estate's Complaint and, therefore, deny these allegations.

9

47.     City Defendants deny the allegations made in paragraph 47 of the Estate's Complaint.

48.     City Defendants admit that Officers Brown and Hilger went to the Torres home to arrest Christopher Torres.  Moreover, with regard to the remaining allegations made in paragraph 48 of the Estate's Complaint, City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 48 of the Estate's Complaint and, therefore, deny these allegations.

49.     With regard to the allegations made in paragraph 49 of the Estate's Complaint, City Defendants admit that during the afternoon of April 12, 2011, Christopher Torres was in the backyard of his residence.  Moreover, City Defendants deny the remaining allegations made in paragraph 49 of the Estate's Complaint.

50.     City Defendants deny the allegations made in paragraph 50 of the Estate's Complaint.

51.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 51 of the Estate's Complaint and, therefore, deny these allegations.

52.     With regard to the allegations made in paragraph 52 of the Estate's Complaint, City Defendants admit that on April 12, 2011, Officer Brown and Officer Hilger entered the backyard of the Torres residence.  Moreover, City Defendants deny the remaining allegations made in paragraph 52 of the Estate's Complaint.

53.     City Defendants admit that Officer Brown jumped over the fence and Officer Hilger opened the fence to enter the backyard.  Moreover, City Defendants deny the remaining allegations made in paragraph 53 of the Estate's Complaint.

10

54.     City Defendants deny the allegations made in paragraph 54 of the Estate's Complaint.

55.     City Defendants admit that Officer Brown shot Christopher Torres three times as alleged in paragraph 55 of the Estate's Complaint.  Moreover, City Defendants deny the remaining allegations made in paragraph 55 of the Estate's Complaint.

56.     City Defendants admit the allegations made in paragraph 56 of the Estate's Complaint.

57.     City Defendants deny the allegations made in paragraph 57 of the Estate's Complaint.

**COUNT I:**
***MONELL* CLAIM UNDER 42 U.S.C. § 1983 RESULTING IN THE DEPRIVATION OF CHRISTOPHER TORRES'S CIVIL RIGHTS AGAINST DEFENDANT APD**

City Defendants incorporate all of their previous and subsequent answers to the Estate's Complaint herein by reference.

58.     City Defendants deny the allegations made in paragraph 58 of the Estate's Complaint.

59.     City Defendants deny the allegations made in paragraph 59 of the Estate's Complaint.

60.     City Defendants deny the allegations made in paragraph 60 of the Estate's Complaint.

61.     City Defendants deny the allegations made in paragraph 61 of the Estate's Complaint.

62.     City Defendants deny the allegations made in paragraph 62 of the Estate's Complaint.

63.     City Defendants deny the allegations made in paragraph 63 of the Estate's Complaint.

64.     City Defendants deny the allegations made in paragraph 64 of the Estate's Complaint.

65.     City Defendants deny the allegations made in paragraph 65 of the Estate's Complaint.

**COUNT II:**
**DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES**
**ACT RESULTING IN CHRISTOPHER TORRES'S WRONGFUL DEATH**

City Defendants incorporate all of their previous and subsequent answers to the Estate's Complaint herein by reference.

66.     With regard to paragraph 66 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 66 of the Estate's Complaint.  To the extent that paragraph 66 of the Estate's Complaint alleges facts, City Defendants admit the allegations made in paragraph 66 of the Estate's Complaint.

67.     With regard to paragraph 67 of the Estate's Complaint, City Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 67 of the Estate's Complaint.  To the extent that paragraph 67 of the Estate's Complaint alleges facts, City Defendants admit the allegations made in paragraph 67 of the Estate's Complaint.

68.     City Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 68 of the Estate's Complaint and, therefore, deny these allegations.

69.     City Defendants deny the allegations made in paragraph 69 of the Estate's Complaint.

        a.      City Defendants deny the allegations made in paragraph 69(a) of the Estate's Complaint.

        b.      City Defendants deny the allegations made in paragraph 69(b) of the Estate's

12

Complaint.

           c.     City Defendants deny the allegations made in paragraph 69(c) of the Estate's

Complaint.

      70.     City Defendants deny the allegations made in paragraph 70 of the Estate's Complaint.

      71.     City Defendants deny the allegations made in paragraph 71 of the Estate's Complaint.

      72.     City Defendants deny the allegations made in paragraph 72 of the Estate's Complaint.

      73.     City Defendants deny the allegations made in paragraph 73 of the Estate's Complaint.

      74.     City Defendants deny the allegations made in paragraph 74 of the Estate's Complaint.

      75.     City Defendants deny the allegations made in paragraph 75 of the Estate's Complaint.

      76.     City Defendants deny the allegations made in paragraph 76 of the Estate's Complaint.

**COUNT III:**
**DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 RESULTING IN**
**CHRISTOPHER TORRES'S WRONGFUL DEATH**

City Defendants incorporate all of their previous and subsequent answers to the Estate's Complaint herein by reference.

      77.     City Defendants admit the allegations made in paragraph 77 of the Estate's Complaint.

      78.     City Defendants admit the allegations made in paragraph 78 of the Estate's Complaint.

      79.     City Defendants admit the allegations made in paragraph 79 of the Estate's Complaint.

      80.     With regard to paragraph 80 of the Estate's Complaint, City Defendants affirmatively

13

state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 80 of the Estate's Complaint.  To the extent that paragraph 80 of the Estate's Complaint alleges facts, City Defendants admit the allegations made in paragraph 80 of the Estate's Complaint.

81.     City Defendants deny the allegations made in paragraph 81 of the Estate's Complaint.

82.     City Defendants deny the allegations made in paragraph 82 of the Estate's Complaint.

83.     City Defendants deny the allegations made in paragraph 83 of the Estate's Complaint.

84.     City Defendants deny the allegations made in paragraph 84 of the Estate's Complaint.

85.     City Defendants deny the allegations made in paragraph 85 of the Estate's Complaint.

86.     City Defendants deny the allegations made in paragraph 86 of the Estate's Complaint.

87.     City Defendants hereby deny each and every allegation not specifically admitted in their Answer, including any allegations made in the Estate's Request for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

None of the actions described in the Estate's Complaint constitute a violation of Christopher Torres' constitutional rights.

### Second Affirmative Defense

The actions of Officer Hilger and Officer Brown were objectively reasonable under the circumstances and authorized by the clearly established law, entitling them to the affirmative defense of qualified immunity.

### Third Affirmative Defense

The Estate alleged a cause of action which fails to state a claim for which relief may be granted.

### Fourth Affirmative Defense

The Estate's injuries, if any, were proximately caused by an independent intervening cause for which City Defendants are not liable.

### Fifth Affirmative Defense

Christopher Torres failed to mitigate the Estate's damages.

### Sixth Affirmative Defense

City Defendants' alleged negligence or intentional torts, if any, must be compared with the negligence of Christopher Torres and other unnamed tortfeasors.

### Seventh Affirmative Defense

Under the New Mexico Tort Claims Act, punitive damages are not recoverable against City Defendants.

### Eighth Affirmative Defense

City Defendants reserve the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law and to amend this answer.

### JURY DEMAND

City Defendants demand a trial by jury for all claims which may be tried by a jury.

**WHEREFORE,** City Defendants respectfully request that this Court dismiss the Estate's

Complaint for Deprivation of Civil Rights and Violation of Americans with Disabilities Act with

prejudice, award City Defendants their attorney's fees and costs, and for all other relief this Court

deems just and proper.

Respectfully submitted,

CITY OF ALBUQUERQUE
David J. Tourek
City Attorney


 /s/ Kathryn Levy
Kathryn Levy
Deputy City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87102
(505) 768-4500

ROBLES, RAEL & ANAYA, P.C.


By:      /s/ Luis Robles
         Luis Robles
         Terri Sauer Beach
         Attorneys for City Defendants
         500 Marquette Ave., NW, Suite 700
         Albuquerque, New Mexico  87102
         (505) 242-2228
         (505) 242-1106 (facsimile)

16

I hereby certify that on this
 8th  day of November 2012, the
foregoing was electronically
served through the CM/ECF
system to the following:

Randi McGinn, Esq.
Kathleen J. Love, Esq.
Tyler Atkins, Esq.
McGinn, Carpenter, Montoya & Love, P.A.
201 Broadway Blvd., SE
Albuquerque, NM 87102
(505) 843-6161
(505) 242-8227 (Facsimile)
randi@mcginnlaw.com
kathy@mcginnlaw.com
tyler@mcginnlaw.com

Kathryn C. Levy, Esq.
Deputy City Attorney
P.O. Box 2248
Albuquerque, NM 87103
(505) 768-4500
klevy@cabq.gov


  /s/ Luis Robles
Luis Robles