IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**STEPHEN TORRES, as Personal Representative
of the Estate of CHRISTOPHER TORRES, deceased,**

      Plaintiff,

v.                                                **No. CIV 12-1048 RB/KBM**

**CITY OF ALBUQUERQUE**, ex rel.
**ALBUQUERQUE POLICE DEPARTMENT;
CHRISTOPHER BROWN; and
RICHARD HILGER**,

      Defendants.

## PLAINTIFFS' OPPOSED MOTION TO EXTEND DECEMBER 13, 2013 DISCOVERY DEADLINE

Plaintiff Stephen Torres, through his counsel, McGinn, Carpenter, Montoya & Love, P.A., pursuant to the Due Process Clause of the United States Constitution, states the following as his opposed motion that the Court extend the December 13, 2013 discovery deadline by 45 days until January 31, 2013 to allow counsel to take 3 necessary depositions and identify a rebuttal expert witness:

1. Trial in this matter is set to begin on September 15, 2014.

2. In the Court's Stipulated Order Resetting Certain Pretrial Deadlines [Doc. 55], the termination date for discovery was set for December 13, 2013, and it was ordered that "[a] notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline."

3. Because Plaintiff's counsel was led to believe that the scheduled December 6 mediation with Judge William Lang would encompass both the state and federal cases, in order to save their clients the costs of unnecessary discovery, counsel postponed the taking of the defense expert witnesses and several other necessary witnesses until after the mediation date.

1

4. In late November, defense counsel informed Plaintiff's counsel that the City was no longer willing to keep its promise to mediate both cases after October, but would only resolve the state case. This change in the defendant's position necessitates additional discovery.

5. Before the change in the City's mediation position, counsel had agreed to depose two of Defendants' experts to occur after the December 13 deadline—on January 22 and 23. A third defense expert, toxicologist Don Fisher, is set for December 11, 2013.

6. In preparation for Don Fisher's deposition, counsel became aware that defense counsel obtained from OMI a sample of Christopher Torres' blood and had it tested by CMS laboratories in Willow Grove, PA. This means that Plaintiff's counsel will need to depose the person responsible for the laboratory testing and, depending on Don Fisher's testimony tomorrow, may need to have the blood tested themselves and obtain a rebuttal expert for the toxicology of the blood sample and/or the filing of a *Daubert* motion.

7. In addition, when it became clear that the mediation would not resolve the federal case, on December 4, Plaintiff's counsel requested the depositions of two additional witnesses: (1) Mayor Richard Berry, who is in charge of the City of Albuquerque, (a designee with knowledge of City operations, such as City Administrator Rob Perry, may be acceptable) and (2) a Rule 30(b)(6) designee most knowledgeable about the number and type of claims relating to law enforcement excessive force over the past 10 years and the insurance situation at the City.

8. The necessity of these two depositions only recently became necessary as a result of Defendants' willingness to settle Plaintiff's pending Tort Claims Act claims in state court but refusal to jointly mediate those claims with the claims pending before this Court.

9. Instead of unilaterally setting these depositions before the December 13 discovery deadline arrived, Plaintiff's counsel requested the agreement of Defendants' counsel to set them

at a mutually convenient time after December 13. Defendants' counsel opposed without providing any rationale.

10. Because the trial in this matter is not set to begin until September 15, 2013, permitting these depositions to go forward in January 2013 would not unfairly prejudice Defendants, would not negatively impact the Court, and would allow Plaintiff his due process right to obtain all information necessary for the trial of this case.

**WHEREFORE**, Plaintiff respectfully requests that:

A. The discovery deadline in the case be extended to January 31, 2013 or alternatively, that the taking of the 3 requested depositions (Mayor Berry, 30(b)(6) and the CMS lab technician) be allowed after the December 13, 2013 discovery deadline; and

B. Plaintiff be allowed to obtain and identify a rebuttal toxicologist and schedule his/her deposition before January 31, 2013.

Respectfully submitted,



*/s/ Randi McGinn*
Randi McGinn
Kathleen J. Love
Tyler J. Atkins
201 Broadway Blvd. SE
Albuquerque, New Mexico 87102
p: (505) 843-6161
f: (505) 242-8227
e: Randi@McGinnLaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record via electronic mail and via the CM/ECF system on this, the 10th day of December, 2013.

>Luis E. Robles
>Robles, Rael & Anaya, PC
>500 Marquette Ave NW, #700
>Albuquerque, NM 87102
>luis@roblesrael.com

>W. Ann Maggiore
>Butt, Thornton & Baehr, PC
>P.O. Box 3170
>Albuquerque, NM 87190
>wamaggiore@btblaw.com

*/s/ Randi McGinn*
Randi McGinn