IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**STEPHEN TORRES, as Personal Representative
of the Estate of CHRISTOPHER TORRES, deceased,**

    Plaintiff,

v.                                                        **No. CIV 12-1048 RB/KBM**

**CITY OF ALBUQUERQUE, ex rel.
ALBUQUERQUE POLICE DEPARTMENT;
CHRISTOPHER BROWN; and
RICHARD HILGER,**

    Defendants.

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO EYEWITNESS' PRIOR CITATIONS FOR DWI

Plaintiff Stephen Torres, as Personal Representative of the Estate of Christopher Torres, deceased, through his attorneys, McGinn, Carpenter, Montoya & Love, P.A., and pursuant to Federal Rules of Evidence 401, 402, and 403, respectfully move this Court to exclude any evidence or testimony related to eyewitness Christie Apodaca's previous citations for driving under the influence of alcohol.[1]

### BACKGROUND

Christie Apodaca is the only independent eyewitness to any of the events that occurred in the backyard of the Torres home before Christopher Torres was shot in the back by Albuquerque Police Officers Christopher Brown and Richard Hilger. At the time, she lived with her mother in the house directly behind the Torres home. The Apodaca house sits at the top of a slope above the Torres backyard, and their backyards share a common fence.

---

[1] Pursuant to Local Rule 7.1, Defendants were contacted to determine whether this motion is opposed. As of the filing of motion, no response has been received. Defendants' opposition is therefore assumed.

Ms. Apodaca will testify that when she was letting her dog out in the backyard, she heard noises that sounded like a struggle. She walked to the middle of her yard and was able to see movement of people through the slats in the fence. She looked over the fence and through the slats and a knothole in several different places. She was able to see Officer Brown holding Christopher Torres down while Officer Hilger punched him in the face. She saw Officer Hilger draw his gun and say, "I'm going to shoot you! I'm going to shoot you!" She thought that her neighbor was being robbed, so she ran to the house to call 911. When she reached about the middle of the yard, she heard 3 gun shots: Boom…Boom…Pause….Boom. She called 911 to report what she saw and heard and was reassured that officers were on the scene.

On two occasions long before witnessing those events, Ms. Apodaca was cited by law enforcement for DWI. She was not convicted either time, and nothing about the incidents, arrests, citations, or disposition of the cases is relevant to the issues in this case. Evidence of these two DWI charges would cause unfair prejudice and should be excluded from evidence at trial.

I. **INFORMATION REGARDING MS. APODACA'S PREVIOUS CITATIONS FOR DWI IS IRRELEVANT TO THIS CAUSE OF ACTION**

"Irrelevant evidence is not admissible." FED. R. EVID. 402. Evidence is relevant "if it has any tendency to make a fact more or less probable…and the fact is of consequence in determining the action." FED. R. EVID. 401. "Relevant evidence means evidence having any tendency to make the existence of any **fact that is of consequence** to the determination of the action more probable or less probable than it would be without the evidence." *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1234 (10th Cir. 2004) (emphasis added) (internal quotation marks and citation omitted).

The Federal Rules of Evidence allow for the introduction of criminal **convictions** under certain circumstances, namely when the conviction was either (1) punishable by death or imprisonment for more than a year or (2) the conviction involved establishing, as one of the charged crime's elements, a dishonest act or false statement.  FED. R. EVID. 609(a).  Those circumstances do not exist with respect to Ms. Apodaca's citations.

Ms. Apodaca was never convicted of DWI, which is not a crime of dishonesty, and her prior citations do not make any fact that is of consequence to the action more or less probable than it would be without the information.  *See Pedroza v. Lomas Auto Mall, Inc.*, 2009 U.S. Dist. LEXIS 46552, *14-15 (explaining that DWI convictions are "inadmissible under rule 609").  Ms. Apodaca's testimony is based on her seeing Officer Brown and Hilger being in Christopher's yard in plainclothes and beating him, as well as hearing the three gunshots that killed him.  She then called 911 to report what happened, thinking that Christopher was killed during a home invasion.  Her previous citations for DWI simply have nothing to do with what happened that day and have no tendency to any fact at issue more or less true.  They are, by the very definition of relevance, inadmissible.

**II.     EVEN IF MINIMALLY RELEVANT, ANY PROBATIVE VALUE OF MS. APODACA'S CITATIONS FOR DWI WOULD BE SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE AND CONFUSION OF THE ISSUES**

Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading and confusing the jury. FED R. EVID. 403.  In *United States v. Begay*, the 10th Circuit held "Rule 403 balancing applies unless the prior crime involves dishonesty or false statements."  144 F.3d 1336, 1338 (10th Cir. 1998).  In upholding the trial court's exclusion of evidence of a witness's prior conviction for

drug possession, the Tenth Circuit noted, "[a] conviction for drug possession is not necessarily relevant to credibility and is potentially prejudicial in arousing sentiment against a witness." *Id*.

Again, Ms. Apodaca was never convicted of DWI. Even if she had been, DWI is not a "crime of dishonesty" for which balancing under Rule 403 would be precluded. It is certainly no more relevant for impeachment purposes than drug possession, and it presents a comparably unfair stigma. The only possible purpose for presenting any of this unfairly prejudicial information to the jury would be to distract it from the substantive issues of the case. It has no bearing upon what Ms. Apodaca witnessed and then immediately reported to the 911 operator. Just as in *Begay*, Defendants' use of Ms. Apodaca's citations at trial would be to arouse a sentiment amongst the jury against her. DWI is a hot-button issue in New Mexico, and allowing Ms. Apodaca's citations to reach the jury would do little more than to distract from the true issues in the case and to create the danger of confusing the jury and creating unnecessary side-issues. The inevitable result would be unfair prejudice to Plaintiff.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully moves this Court for an order precluding Defendants from making any reference at trial to Ms. Apodaca's previous citations for DWI because such evidence is irrelevant, unfairly prejudicial, and would serve only to mislead and confuse the jury.

Respectfully submitted,



*/s/Tyler J. Atkins*
Tyler J. Atkins
Randi McGinn
Kathleen J. Love
McGinn, Carpenter, Montoya & Love, P.A.
Counsel for Plaintiffs
201 Broadway Blvd., SE
Albuquerque, NM 87102
Phone: (505) 843-6161
Fax: (505) 242-8227

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record via electronic mail on this the 30th day of January, 2014. Furthermore, I caused the foregoing to be electronically filed through the Second Judicial District Court Odyssey File & Serve system, which caused all counsel of record to be served by electronic means:

> Luis E. Robles
> Robles, Rael & Anaya, PC
> 500 Marquette Ave NW, #700
> Albuquerque, NM 87102
> luis@roblesrael.com

> W. Ann Maggiore
> Butt, Thornton & Baehr, PC
> P.O. Box 3170
> Albuquerque, NM 87190
> wamaggiore@btblaw.com

*/s/ Tyler J. Atkins*
Tyler J. Atkins