IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STEPHEN TORRES, as Personal Representative
of the Estate of CHRISTOPHER TORRES, deceased,

    Plaintiff,

v.                                                    No. CIV 12-1048 RB/KBM

CITY OF ALBUQUERQUE, ex rel.
ALBUQUERQUE POLICE DEPARTMENT;
CHRISTOPHER BROWN; and
RICHARD HILGER,

    Defendants.

## PLAINTIFF'S MOTION *IN LIMINE* TO PREVENT ANY ALLEGATIONS OF PRIOR DRUG USE BY CHRISTOPHER TORRES FROM REACHING THE JURY

Plaintiff Stephen Torres, as Personal Representative of the Estate of Christopher Torres, deceased, through his attorneys, McGinn, Carpenter, Montoya & Love, P.A., and pursuant to Federal Rules of Evidence 401 through 404, respectfully move the Court for an order preventing any allegations of prior illegal drug use by Christopher Torres from reaching the jury.[1]

### BACKGROUND

Christopher Torres was shot three times in the back and killed on April 12, 2011 by Albuquerque Police Department Detective Christopher Brown, who was accompanied by Detective Richard Hilger. After he was killed, the New Mexico Office of the Medical Investigator performed a toxicology screen with samples of Mr. Torres' blood. Results from that testing were negative for both alcohol and "drugs of abuse." Long after this lawsuit was filed, Defendants subpoenaed additional blood samples and submitted them to the NMS Laboratory in Pennsylvania for a second toxicology screen. Results from that testing did not reveal the

---

[1] Pursuant to Local Rule 7.1, Defendants were contacted to determine whether this motion is opposed. As of the filing of motion, no response has been received. Defendants' opposition is therefore assumed.

1

presence of any illegal substances; rather, the technician interpreting the results noted the presence of synthetic marijuana ("Spice"), which was legal in New Mexico at the time Christopher was killed.

It appears from lines of questioning posed to various witnesses at their respective depositions that Defendants intend to convey to the jury at trial that Mr. Torres had a history of illegal drug use. They would be doing so despite the complete absence of any evidence that he was, in fact, under the influence of any alcohol or illegal substances at the time he was killed. Because any alleged drug or alcohol use has no bearing upon the facts and circumstances of his death at the hands of Detectives Brown and Hilger, any allegation or other evidence of past drug or alcohol use is irrelevant, unduly prejudicial, and must not be permitted to reach the jury at trial.

## I. ALLEGATIONS OF PAST DRUG AND ALCOHOL USE IS IRRELEVANT WHEN MR. TORRES DID NOT HAVE ANY ILLEGAL DRUGS OR ALCOHOL IN HIS SYSTEM AT TIME OF HIS DEATH

Whether APD violated reasonable police standards, whether it violated Christopher Torres' rights to reasonable accommodations under the ADA, and whether Detectives Hilger and Brown were unreasonable in shooting and killing Christopher Torres have nothing to do with whether Christopher Torres ever smoked marijuana, drank alcohol, or used any other substance. The Federal Rules of Evidence bar evidence from trial that is irrelevant and prejudicial. FED. R. EVID. 402 ("Irrelevant evidence is not admissible."); FED. R. EVID. 403 ("[Relevant] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…."). Although there are exceptions to these exclusions when evidence is relevant, evidence that is irrelevant must be inadmissible in order to promote the fair and just evaluation of a case and to secure fairness and efficiency. *See*

FED. R. EVID. 102 ("[The Federal Rules of Evidence] shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.").

One common example of prejudicial and irrelevant evidence that is inadmissible because it does not bear upon any factual determination in a case is an allegation of a plaintiff's prior illegal drug use. In *Meller v. The Heil Co.,* 745 F.2d 1297, 1303 (10th Cir. 1984)*,* the Tenth Circuit Court of Appeals affirmed the trial court's exclusion of evidence that a decedent had drug paraphernalia in his pocket when he was crushed by the dump bed of his truck because the drug paraphernalia had no relation to the defective dump bed releasing from the upright position and crushing him. *Id.* According to the court, without evidence that drugs were involved in the fatal accident or influenced damages (*i.e*., that there were drugs in the decedent's system at the time of the accident or that drugs shortened his life expectancy), the drug paraphernalia was not relevant. *Id.* Instead, the court concluded that the only reason the defendant sought to submit evidence related to the drug paraphernalia to the jury was to arouse "juror sentiment against the decedent" and concluded that the trial court properly excluded it. *Id.*

Similarly to *Meller*, any allegation that Christopher Torres had a history of prior illegal drug use would be wholly irrelevant to the events leading to his death and prejudicial. There is no evidence that (1) illegal drugs or alcohol were involved in Mr. Torres' death, (2) illegal drugs or alcohol were related to the warrant for his arrest that Detectives Brown and Hilger were serving, (3) illegal drugs or alcohol affected his state of mind at the time of his arrest, or (4) illegal drugs influenced the Detectives' conduct toward him. Because there is no evidence or support that illegal drugs or alcohol were involved in or affected the events leading to Mr.

Torres' death, there is no reason to admit any allegations of past use except to use it to negatively affect "juror sentiment" toward him.  Without any relevance to the trial, such allegations are irrelevant and should be deemed inadmissible.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully moves this Court for an order precluding Defendants from introducing into evidence any allegations or evidence of past drug or alcohol use by Christopher Torres.

Respectfully submitted,



*/s/Tyler J. Atkins*
Tyler J. Atkins
Randi McGinn
Kathy Love
McGinn, Carpenter, Montoya & Love, P.A.
Counsel for Plaintiffs
201 Broadway Blvd., SE
Albuquerque, NM 87102
Phone: (505) 843-6161
Fax: (505) 242-8227

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record via electronic mail on this the 30th day of January, 2014.  Furthermore, I caused the foregoing to be electronically filed through the Second Judicial District Court Odyssey File & Serve system, which caused all counsel of record to be served by electronic means:

>Luis E. Robles
>Robles, Rael & Anaya, PC
>500 Marquette Ave NW, #700
>Albuquerque, NM 87102
>luis@roblesrael.com
>
>W. Ann Maggiore
>Butt, Thornton & Baehr, PC
>P.O. Box 3170
>Albuquerque, NM 87190
>wamaggiore@btblaw.com

**/s/ Tyler J. Atkins**
Tyler J. Atkins