IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**STEPHEN TORRES, as Personal Representative
of the Estate of CHRISTOPHER TORRES, deceased,**

      Plaintiff,

v.                               No. CIV 12-1048 RB/KBM

**CITY OF ALBUQUERQUE**, ex rel.
**ALBUQUERQUE POLICE DEPARTMENT;
CHRISTOPHER BROWN; and
RICHARD HILGER**,

      Defendants.

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO CHRISTOPHER TORRES' DRIVING

Plaintiff Stephen Torres, as Personal Representative of the Estate of Christopher Torres, deceased, through his attorneys, McGinn, Carpenter, Montoya & Love, P.A., and pursuant to Federal Rules of Evidence 401, 402, 403, 404, and 801 through 807, respectfully move this Court to exclude any evidence or testimony related to:

1. Christopher Torres' driving-related citations; and

2. Calls made to law enforcement related to Christopher Torres' vehicle.[1]

## BACKGROUND

Four minutes before he was shot dead by Albuquerque Police Department Detective Christopher Brown on April 12, 2011, Christopher Torres was sitting peacefully on a swing in his backyard, wearing his pajamas and socks, and spending time with his dog, as he did each afternoon. Plain-clothes APD Detectives Brown and Richard Hilger arrived in t-shirts and jeans in an unmarked car and approached Mr. Torres by aggressively talking to him through the fence

---

[1] Pursuant to Local Rule 7.1, Defendants were contacted to determine whether this motion is opposed. As of the filing of motion, no response has been received. Defendants' opposition is therefore assumed.

1

in his backyard. They were there to serve an arrest warrant for a traffic incident that had occurred two months earlier, so Mr. Torres had no reason to know why they were there or who they were. Within seconds of making contact with Mr. Torres, Detective Brown jumped the backyard fence to rush and tackle him, and Detective Hilger removed an entire panel of the fence to enter the backyard. The officers beat Mr. Torres, who was completely unarmed, before shooting him to death three times in the back.

In the years before he was killed, Mr. Torres was cited on several occasions for minor traffic offenses (speeding, improper turn, no proof of registration, etc.). The majority of those charges were dismissed. Defendants have also produced in discovery several documents called "Detailed History for Police Call" that list complaints made about the driving of a person in a vehicle to which Mr. Torres had access from January 25, 2011 to March 29, 2011. Mr. Torres was never charged with any type of traffic violation in relation to any of those calls, except for one—a February 17, 2011 call related to the traffic incident for which Detectives Brown and Hilger sought to serve a warrant on the day they killed Mr. Torres. A separate motion in limine will be filed related to that alleged incident.

Plaintiff's counsel anticipate that Defendants' counsel intend to introduce evidence at trial related to Mr. Torres' driving history in an attempt to convince the jury that Mr. Torres had a propensity for aggression and that he likely acted aggressively toward Detectives Brown and Hilger on the afternoon he was killed. For the reasons set forth below, that information is irrelevant to this case and would be unduly prejudicial to Plaintiff if allowed to reach the jury.

I.  **INFORMATION REGARDING MR. TORRES' DRIVING HISTORY IS IRRELEVANT TO THIS CAUSE OF ACTION**

"Irrelevant evidence is not admissible." FED. R. EVID. 402. Evidence is relevant "if it has any tendency to make a fact more or less probable…and the fact is of consequence in determining the action." FED. R. EVID. 401. "Relevant evidence means evidence having any tendency to make the existence of any **fact that is of consequence t**o the determination of the action more probable or less probable than it would be without the evidence." *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1234 (10th Cir. 2004) (emphasis added) (internal quotation marks and citation omitted).

The facts and circumstances of Mr. Torres' death have nothing to do with his driving. Before he was killed, he was sitting in his backyard minding his own business. Defendants can draw no causal connection between any of the alleged driving events explained above and the shooting. His driving history simply has nothing to do with what happened that day and has no tendency to make any fact at issue more or less probable than it would be without it. It is wholly irrelevant and should not be permitted to reach the jury.

II.  **EVEN IF MINIMALLY RELEVANT, ANY PROBATIVE VALUE OF MR. TORRES' DRIVING WOULD BE USED TO TRY TO CONVINCE THE JURY THAT BECAUSE MR. TORRES ALLEGEDLY ACTED AGGRESSIVELY IN THE PAST, HE MUST HAVE ACTED AGGRESSIVELY TOWARD THE DETECTIVES BEFORE HE WAS SHOT**

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED R. EVID. 404(b)(1). This is because such character evidence "tends to distract the trier of fact from the main question of what actually happened on the particular occasion." *Id.* committee commentary. Any evidence of "prior bad acts" may only be introduced to show

something ***other than propensity*** to act a certain way, and the offering party must be able to show "a strong nexus between the evidence and the [permissible] reason for which it is offered." *United States v. Morris*, 287 F.3d 985, 990 (10th Cir. 2002). Even with such a showing, the reviewing court must make a Rule 403 determination that the probative value of any "prior bad act" is substantially outweighed by its potential for unfair prejudice. *Id.*

It is anticipated that Defendants' counsel will attempt to convince the jury that Mr. Torres' driving history and allegations of unsafe, aggressive driving show his propensity for losing his temper and acting aggressively. They will then try to use that leap in logic to convince the jury that Mr. Torres' behavior on the day he was killed was such that it gave Detectives Brown and Hilger good reason to beat and shoot him. The Detectives will be free to testify how they want regarding Mr. Torres' behavior before he was shot in the back, and so will Christie Apodaca, the independent witness who saw exactly what happened through her backyard fence. Allowing Defendants to get into unsubstantiated and unrelated accusations of aggressiveness to bolster their defense that Mr. Torres' had a propensity for aggression would result in the very type of unfair prejudice that Rules 403 and 404 were put in place to avoid.

### III. ANY NOTES TAKEN FROM CALLS MADE TO LAW ENFORCEMENT BY CITIZENS CONSTITUTE INADMISSIBLE DOUBLE HEARSAY

The Federal Rules of Evidence generally prohibit the admissibility of hearsay, which is any statement that the declarant does not make while testifying at trial that is being offered "to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c), 802. Such evidence can only be admissible if it falls within an exception to the general rule of inadmissibility under the Rules. FED. R. EVID. 803, 804, 807.

Any notes or report taken by someone affiliated with law enforcement related to the observations of a third party constitute "double hearsay"—"the report itself, and what the citizen

told police." *United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006).  This type of double hearsay has routinely been deemed inadmissible by courts across the country.  *See, e.g.*, FED. R. EVID. 803 advisory committee notes (explaining that during the process of creating a police report, while the officer or other law enforcement personnel creating the report is acting in the regular course of duty, the person providing the crucial information related to what s/he observed is not); *United States v. Snyder*, 787 F.2d 1429, 1433 (10th Cir. 1986) ("[A]lthough entries in a police report or investigating officer's report which result from the officer's own observations and knowledge may be admitted, statements made to the officer by third parties under no business duty to report may not."); *United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006) ("The report contained only a recitation of the citizen's statements to the police.  Those statements fell under no exception to the hearsay rule.").  *Id.*  "To allow the introduction of [such] statements would impermissibly insulate them from the test of cross-examination…." *Taylor*, 462 F.3d at 1026.

Based on questioning posed to witnesses at depositions in this case, it appears that Defendants will seek to offer into evidence several documents called "Detailed History for Police Call."  Those documents are notes taken by law enforcement personnel based on telephone calls received from third-party citizens reporting concerns about the driving of a person in a vehicle to which Mr. Torres had access from January 25, 2011 to March 29, 2011.  Defendants would use these documents to attempt to prove the truth of the matter asserted.  This is textbook hearsay that is not reliable and should not be permitted to reach the jury.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully moves the Court for an order precluding Defendants from making any reference at trial to Christopher Torres' previous traffic citations or

any calls made to law enforcement related to his vehicle because such evidence irrelevant, unfairly prejudicial and would serve only to mislead and confuse the jury.

Respectfully submitted,



*/s/Tyler J. Atkins*
Tyler J. Atkins
Randi McGinn
Kathleen J. Love
McGinn, Carpenter, Montoya & Love, P.A.
Counsel for Plaintiffs
201 Broadway Blvd., SE
Albuquerque, NM 87102
Phone: (505) 843-6161
Fax: (505) 242-8227

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record via electronic mail on this the 30th day of January, 2014. Furthermore, I caused the foregoing to be electronically filed through the Second Judicial District Court Odyssey File & Serve system, which caused all counsel of record to be served by electronic means:

>Luis E. Robles
>Robles, Rael & Anaya, PC
>500 Marquette Ave NW, #700
>Albuquerque, NM 87102
>luis@roblesrael.com

>W. Ann Maggiore
>Butt, Thornton & Baehr, PC
>P.O. Box 3170
>Albuquerque, NM 87190
>wamaggiore@btblaw.com

*/s/ Tyler J. Atkins*
Tyler J. Atkins