IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**STEPHEN TORRES, as Personal Representative
of the Estate of CHRISTOPHER TORRES, deceased,**

      Plaintiff,

v.                                    No. CIV 12-1048 RB/KBM

**CITY OF ALBUQUERQUE**, ex rel.
**ALBUQUERQUE POLICE DEPARTMENT;
CHRISTOPHER BROWN; and
RICHARD HILGER**,

      Defendants.

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE AT TRIAL TO PHYSICIAN KEVIN REXROAD, M.D.'S TESTIMONY FEE WAIVER OR ANY OTHER SUGGESTION THAT A VERDICT IN PLAINTIFF'S FAVOR WOULD BE PAID BY ALBUQUERQUE'S TAXPAYERS

Plaintiff Stephen Torres, as Personal Representative of the Estate of Christopher Torres, deceased, through his attorneys, McGinn, Carpenter, Montoya & Love, P.A., and pursuant to Federal Rules of Evidence 401, 402, and 403, respectfully move the Court to exclude any evidence or testimony related to Kevin Rexroad, M.D.'s waiver of his fee for his deposition testimony and anticipated fee waiver for his trial testimony or any other suggestion that a verdict in Plaintiff's favor would come out of the taxpayers' pockets.[1]

### BACKGROUND

Defendants' counsel took the deposition of Dr. Rexroad, Christopher Torres' psychiatrist, on October 2, 2013. When asked how much his hourly rate was, Dr. Rexroad informed counsel that he did not wish to charge for his time because any payment would come "out of the tax payers dollars." It is anticipated that Dr. Rexroad will similarly decline to be compensated for

---

[1] Pursuant to Local Rule 7.1, Defendants were contacted to determine whether this motion is opposed. As of the filing of motion, no response has been received. Defendants' opposition is therefore assumed.

his trial testimony for the same reason.  These declinations, the reason for them, or any other reference to taxpayers having to foot the bill for a verdict in Plaintiff's favor are irrelevant, unduly prejudicial, and should not be permitted to reach the jury.

I. **INFORMATION REGARDING DR. REXROAD'S CHOICE NOT TO BE PAID FOR HIS TIME TO GIVE DEPOSITON AND TRIAL TESTIMONY IS IRRELEVANT**

"Irrelevant evidence is not admissible." FED. R. EVID. 402.  Evidence is relevant "if it has any tendency to make a fact more or less probable…and the fact is of consequence in determining the action." FED. R. EVID. 401.

The fact that Dr. Rexroad wishes not to be paid for his time to testify in this matter has no bearing upon any fact of consequence in this case.  It is related in no way to his relationship with Mr. Torres and in no way goes to his credibility or bias.  It has nothing to do with anything of consequence and should not reach the jury.

II. **EVEN IF MINIMALLY RELEVANT, ANY PROBATIVE VALUE OF DR. REXROAD'S FEE WAIVERS WOULD BE SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE AND CONFUSION OF THE ISSUES**

Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading and confusing the jury. FED R. EVID. 403.  When evidence is offered for the purpose of unduly asking the jury to "consider it for the purpose of directly reducing recoverable damages," it is inadmissible under Rule 403.  *Cf. Vanskike v. Acf Indus*., 665 F.2d 188, 200 (8th Cir. 1981) (discussing the collateral source rule); *see also* FED R. EVID. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.").

An impermissible danger of unfair prejudice would result if the jury were allowed to be made privy to the fact that Dr. Rexroad has declined payment for his time out of concern for the use of taxpayer money or any other suggestion that it is the taxpayers who would really be covering any verdict in Plaintiff's favor.  This would allow Defendants' to subtly suggest to the jury that any money awarded would effectively be coming out of their very own pockets as taxpayers.  Such a concern should not be permitted to factor into what the jury deems to be a fair award for the lost value of Christopher Torres' life.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves the Court for an order precluding Defendants from making any reference to Dr. Rexroad's waiver of his fee for his deposition testimony and anticipated fee waiver for his trial testimony, or any similar suggestion that a verdict in Plaintiff's favor would be paid by Albuquerque's taxpayers.

Respectfully submitted,



/s/Tyler J. Atkins
Tyler J. Atkins
Randi McGinn
Kathleen J. Love
McGinn, Carpenter, Montoya & Love, P.A.
Counsel for Plaintiffs
201 Broadway Blvd., SE
Albuquerque, NM 87102
Phone: (505) 843-6161
Fax: (505) 242-8227

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon all counsel of record via electronic mail on this the 30th day of January, 2014. Furthermore, I caused the foregoing to be electronically filed through the Second Judicial District Court Odyssey File & Serve system, which caused all counsel of record to be served by electronic means:

>Luis E. Robles
>Robles, Rael & Anaya, PC
>500 Marquette Ave NW, #700
>Albuquerque, NM 87102
>luis@roblesrael.com

>W. Ann Maggiore
>Butt, Thornton & Baehr, PC
>P.O. Box 3170
>Albuquerque, NM 87190
>wamaggiore@btblaw.com

*/s/ Tyler J. Atkins*
Tyler J. Atkins