IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STEPHEN TORRES, as Personal Representative
of the Estate of CHRISTOPHER TORRES, deceased,

                Plaintiff,

v.                                                  12-CV-01048 RB/KBM

CITY OF ALBUQUERQUE, ex. rel
ALBUQUERQUE POLICE DEPARTMENT;
CHRISTOPHER BROWN; and
RICHARD HILGER,

                Defendants.

## DEFENDANTS' MOTION IN LIMINE #1 TO EXCLUDE ANY REFERENCE OR EVIDENCE RELATING TO THE DISTRICT ATTORNEY'S CRIMINAL INVESTIGATION OF THE EVENTS OF APRIL 12, 2011

**COMES NOW**, Defendant, the City of Albuquerque, through its attorneys, Butt Thornton & Baehr PC (W. Ann Maggiore), and Robles, Rael and Anaya (Luis Robles, Douglas Gardner and David Roman) and move this Court *in limine* pursuant to Fed. R. Evid. 401, 402, and 403 to exclude any reference to the fact that Detective Brown and Detective Hilger could have been charged criminally for the events of April 12, 2011. As grounds, Defendant states as follows:

    **I.**    **Background**

This case involves allegations of §1983 claims of excessive force against Detectives Christopher Brown and Richard Hilger, and *Monell* claims against the City of Albuquerque. The underlying incident took place April 12, 2011. On that date, Detectives Christopher ("CJ") Brown and Richard Hilger went to 7605 Sunrose NW to serve an arrest warrant on Christopher Torres. The arrest warrant was for an aggravated

1

auto burglary resulting in an associated battery that had occurred on February 13, 2011. The detectives were not aware that Torres carried a diagnosis of paranoid schizophrenia. A physical confrontation occurred during which Torres disarmed Hilger. Brown then fatally shot Torres. For the following reasons, any reference to the criminal charges against Detectives Brown and Hilger, which were dropped, should be excluded.

## II. Argument

During the course of this civil litigation, Plaintiff has made reference to the fact that Detective Brown and Detective Hilger's liberty was in jeopardy as the two detectives could have faced criminal charges related to the events of April 12, 2011. On February 14, 2014, the Bernalillo County District Attorney released its twenty-six (26) page findings report which determined that the April 12, 2011 shooting of Christopher Torres by Detective Brown was justified pursuant to NMSA § 30-2-6 and NMSA § 30-2-7 because Detective Brown possessed the actual belief that he and/or Detective Hilger were in danger of imminent death or great bodily harm as a result of Christopher Torres gaining control over Detective Hilger's firearm during the April 12, 2011 struggle. Consequently, Detective Brown and Detective Hilger are clear and no longer face any potential criminal charges for the April 12, 2011 incident. As a result, the fact that Detectives Brown and Hilger could, at one point, have faced criminal charges is irrelevant, and any mention of the previous potential for criminal charges should be excluded.

In addressing the admissibility of a prior SEC civil enforcement complaint, the Ninth Circuit said, "[w]e risk stating the obvious here: a complaint is merely an accusation of conduct and not, of course, proof that the conduct alleged occurred." *United*

*States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012). The *Bailey* court also said that "[a]dmitting prior conduct charged but settled with no admission of liability is not probative of whether the defendant committed the prior conduct, much less whether he committed the conduct in question," and that "where a defendant admits nothing, the evidence of the prior conduct is inadmissible." *Id*. at 800. The court said that "[t]here is no logical relevancy to admitting" criminal complaints. *See id*. The fear in admitting such evidence would be that it "would cause the jury 'to infer that prior wrongful acts had been committed, an inference impermissible.'" (quoting *United States v. Cook*, 557 F.2d 1149 (5th Cir. 1977)).

In this case, there was no criminal complaint or indictment, there was no guilty plea, and furthermore, there was, of course, no conviction. Thus, any reference to the potential criminal charges that Detective Brown and Detective Hilger faced is completely irrelevant and inadmissible pursuant to Fed. R. Evid. 401 and 402.

To the extent that the prior criminal investigation or potential criminal charges against Detective Brown and Detective Hilger is probative of any issue in this case, a proposition with which Defendant vehemently disagrees, such evidence should be excluded at trial insofar as any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the finder of fact. As such, such evidence should be excluded pursuant to Fed. R. Evid. 403.

Plaintiff's counsel has been contacted regarding the filing of this Motion, and opposes the relief sought herein.

**WHEREFORE**, Defendant seeks an Order from this Court precluding Plaintiff from introducing, or seeking to introduce, any evidence of the prior criminal investigation

or potential criminal charges against Detective Brown and Detective Hilger arising from the April 12, 2011 incident.  Defendant seeks such other and further relief as this Court deems just and proper.

                              Respectfully submitted,

                              BUTT THORNTON & BAEHR PC

                               "Electronically Filed"

                              /s/ W. Ann Maggiore
                              Attorneys for City of Albuquerque
                              Butt, Thornton & Baehr, P.C.
                              P.O. Box 3170
                              Albuquerque, NM  87190-3170
                              Telephone (505) 884-0777

I hereby certify that on this 3rd day of
June, 2014 the foregoing was served
Electronically via CM/ECF to the following:

Randi McGinn, Esq.
randi@mcginnlaw.com
Kathleen J. Love, Esq.
Kathy@mcginnlaw.com

Luis Robles, Esq.
luis@roblesrael.com

Douglas E. Gardner, E
douglas@roblesrael.com

David Roman, Esq.
droman@roblesrael.com


*/s/* W. Ann Maggiore
W. Ann Maggiore