IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STEPHEN TORRES, as Personal Representative
of the Estate of CHRISTOPHER TORRES, deceased,

        Plaintiff,

v.                                                                                                  12-CV-01048 RB/KBM

CITY OF ALBUQUERQUE, ex. rel
ALBUQUERQUE POLICE DEPARTMENT;
CHRISTOPHER BROWN; and
RICHARD HILGER,

        Defendants.

## DEFENDANTS' MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF PRIOR CITIZEN COMPLAINTS AND LAWSUIT

COMES NOW Defendant, the City of Albuquerque, through its attorneys, Butt Thornton & Baehr PC (W. Ann Maggiore), and Robles, Rael and Anaya (Luis Robles, Douglas Gardner and David Roman) and move this Court *in limine*, pursuant to FED. R. EVID. 401, 402, and 403 to exclude any improper reference to unfounded citizen complaints leveled against Detective Christopher ("C.J.") Brown during his tenure as a law enforcement officer in Roswell, as well as any reference to a prior lawsuit. Plaintiff's counsel has been contacted and opposes this motion. Defendants state as follows:

**I. BACKGROUND**

This case involves allegations of §1983 claims of excessive force against Detectives Christopher Brown and Richard Hilger, and *Monell* claims against the City of Albuquerque. The underlying incident took place April 12, 2011. On that date, Detectives Christopher ("CJ") Brown and Richard Hilger went to 7601 Sunrose NW to serve an arrest warrant on Christopher

1

Torres. The arrest warrant was for an aggravated battery that had occurred on February 13, 2011. The detectives were not aware that Torres carried a diagnosis of paranoid schizophrenia. A physical confrontation occurred during which Torres disarmed Hilger. Brown then fatally shot Torres.

During Detective Brown's trial deposition, counsel for Plaintiff examined him regarding four instances in which citizen complaints were filed against him during his six years as an officer with the Roswell Police Department, and briefly questioned him regarding a prior lawsuit. The citizen complaints were not admitted into evidence through Detective Brown during his trial deposition due to lack of foundation, although Plaintiff's counsel threatened that they would later be admitted through Chief Schultz at trial. Because all but one of the citizen complaints were ultimately closed by the Roswell Police Department as unfounded, they should have no bearing on this litigation, and admitting them would violate FED. R. EVID. 401 because they are not relevant to Albuquerque Police Department's consideration of Brown as a candidate, and would further violate Fed. R. Evid. 403, because they are more prejudicial than probative of the issues in this case.

**II. LEGAL ARGUMENT**

The existence of citizen complaints that were ultimately ruled to be unfounded is not relevant to any of the negligence issues being tried against the City of Albuquerque in this case. Fed. R. Evid. 401 and 402 define relevant evidence as evidence having "any tendency to make more or less probable the existence of a fact that is of consequence in determining the action." The determination of relevancy rests within the sound discretion of the trial court. *Ponderosa Sys., Inc. v. Brandt*, 767 F.2d 668, 671 (10th Cir. 1985). Relevancy should be determined on a case-by-case basis. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387, 128 S. Ct.

1140, 1147 (2008) *("*Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case"*)*.

Citizens file complaints and lawsuits against law enforcement officers for a host of reasons, many of which may be groundless. *See Brooks v. Scheib*, 813 F.2d 1191, 1193-94 (11th Cir. 1987) (stating that "the number of complaints bears no relation to their validity" and that "[i]t would be perverse to require that courts exclude allegations of past wrongdoing in order to protect the rights of defendants, while at the same time demanding that police officials give credence to unsubstantiated complaints against individual police officers"; holding that there was no evidence to support a finding that the City knew or should have known that the natural consequence of its policy and practices would be the deprivation of constitutional rights, where City presented testimony that ten citizen complaints were investigated and determined to be unfounded). "All a complaint establishes is knowledge of what a plaintiff claims." *U.S. v. Bailey* 696 F.3d 794, 802 (9th Cir. 2012).

In civil rights cases, courts have held that evidence of prior complaints against police officers must be excluded as irrelevant where, as here, the complaints have been determined to be unsubstantiated. *See*, *e.g.*, *Hopkins v. Andaya*, No. 93-15463, 29 F.3d 632, 1994 WL 396202, at *2 (9th Cir. Aug. 14, 1994) (holding that district court erred in admitting prior citizen complaints in Section 1983 case, explaining that, although such complaints could be relevant to prove knowledge of the city or police chief, the complaints at issue were *not* relevant "*because the Oakland Police Department investigated the complaints and concluded they were unfounded*") (emphasis supplied); *Sibrian v. City of Los Angeles*, No. 06-56532, 288 Fed. App'x 385, 2008 WL 2951223 (9th Cir. Aug. 1, 2008) (affirming exclusion of evidence of prior complaints involving defendant police officer, where officer was exonerated on three of the prior

incidents and evidence was inconclusive on the fourth incident); *United States v. Taylor*, 417 F.3d 1176, 1178-80 (11th Cir. 2005) (district court did not abuse discretion in denying plaintiff's request to offer citizen complaints where complaints were determined to be unfounded); *see also United States v. Bailey*, 696 F.3d 794, 799-800 & nn.6, 8 (9th Cir. 2012) (holding that prior civil SEC complaint was irrelevant, and therefore inadmissible, in a securities fraud case) (collecting cases).

Contrary to Plaintiff's claims, these unfounded complaints are of no consequence in determination of the present action, and are raised only to inflame the finder of fact, in violation of Fed. R. Evid. 403. The prior citizen complaints were investigated, and three out of the four were found to be unsubstantiated. Further, they are remote in time, as the complaints occurred over a six year period while Brown was with the Roswell PD; Brown has now been with the Albuquerque Police Department for many years and his tenure was without incident until the events underlying this case occurred. The remoteness of these events cannot be understated.

Bringing up old, unfounded citizen complaints from another law enforcement agency does nothing to show that Albuquerque Police Department was negligent in its hiring practices. Further, bringing in a lawsuit that may or may not have ever had any merit similarly does nothing to prove any of the elements of negligence against the City in this matter.

WHEREFORE, Defendant, the City of Albuquerque, respectfully requests that the incidents of unfounded citizen complaints and prior lawsuit be excluded from evidence.

Respectfully submitted,

BUTT THORNTON & BAEHR PC

"Electronically Filed"

/s/ W. Ann Maggiore
Attorneys for City of Albuquerque
Butt, Thornton & Baehr, P.C.
P.O. Box 3170
Albuquerque, NM  87190-3170
Telephone (505) 884-0777

I hereby certify that on this 3rd day of June, 2014 the foregoing was served Electronically via CM/ECF to the following:

Randi McGinn, Esq.
randi@mcginnlaw.com
Kathleen J. Love, Esq.
Kathy@mcginnlaw.com

Luis Robles, Esq.
luis@roblesrael.com

Douglas E. Gardner, E
douglas@roblesrael.com

David Roman, Esq.
droman@roblesrael.com


/s/ W. Ann Maggiore
W. Ann Maggiore