IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STEPHEN TORRES, as Personal Representative
of the Estate of CHRISTOPHER TORRES, deceased,

Plaintiff,

v.                                                 12-CV-01048 RB/KBM

CITY OF ALBUQUERQUE, ex. rel
ALBUQUERQUE POLICE DEPARTMENT;
CHRISTOPHER BROWN; and
RICHARD HILGER,

Defendants.

## DEFENDANTS' MOTION IN LIMINE #4 TO EXCLUDE ANY REFERENCE OR EVIDENCE OF POST SHOOTING EVENTS

**COME NOW** Defendants, Christopher Brown, Richard Hilger and the City of
Albuquerque, through their attorneys, Butt Thornton & Baehr PC (W. Ann Maggiore), and
Robles, Rael and Anaya (Luis Robles, Douglas Gardner and David Roman) and move this Court
*in limine* pursuant to Rules 401, 402, 403 and 404 to exclude any reference to events that
occurred after the shooting to show a "pattern and practice" to support Plaintiff's *Monell* claim.
Plaintiff's counsel has been contacted regarding the filing of this Motion, and opposes the relief
sought herein. As grounds, Defendants state as follows:

### I. BACKGROUND

This case involves allegations of §1983 claims of excessive force against Detectives
Christopher Brown and Richard Hilger, and *Monell* claims against the City of Albuquerque.
The underlying incident took place April 12, 2011. On that date, Detectives Christopher ("CJ")
Brown and Richard Hilger went to 7601 Sunrose NW to serve an arrest warrant on Christopher

Torres. The arrest warrant was for an aggravated battery that had occurred on February 13, 2011. The detectives were not aware that Torres carried a diagnosis of paranoid schizophrenia. A physical confrontation occurred during which Torres disarmed Hilger. Brown then fatally shot Torres.

At the state court trial, Plaintiff's counsel extensively used post-event occurrences to bolster claims against the City of Albuquerque. These occurrences included alleged deficits in the investigation of the shooting, which obviously did not lead to the shooting itself.  As a result, these post-event occurrences are not relevant to Plaintiffs' claims, and should thus be excluded. Furthermore, any probative value the post-event occurrences might have, would be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

## II.      Legal Argument

Fed. R. Evid. 401 states that, "[e]vidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action."

"Although the definition of 'relevant evidence' given in Federal Rule of Evidence 401 is broad, it does have limits. Evidence must be probative of a fact of consequence in the matter, and must have a tendency to make the existence of that fact more or less probable than it would have been without the evidence." *United States v. Hollister*, 746 F.2d 420, 422 (8th Cir. 1984).  The trial court's decision to exclude evidence as irrelevant is within its sound discretion and will not be reversed absent an abuse of discretion. *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 839 (10th Cir. 1988).

The post-event occurrences are not relevant to Plaintiff's allegations of deprivation of

civil rights and violation of Americans with Disabilities Act. "Relevancy describes the relationship between a proffered item of evidence and a proposition which is provable or material in a given case. There is no legal test of relevancy and reference must be made to logic or general experience to demonstrate the existence of a relationship and its proximity or remoteness." *United States v. Craft*, 407 F.2d 1065, 1069 (6th Cir. 1969).  In this case, Plaintiff has brought a *Monell* claim under 42 U.S.C. § 1983 based on allegations of excessive force by the Albuquerque Police Department. *See* Complaint ¶¶ 58-65 [Doc. 1]. Additionally, Plaintiff has brought a claim under the American Disabilities Act ("ADA") based on allegations that the Albuquerque Police Department discriminated against Christopher Torres by failing to use a member of its crisis intervention team in executing the arrest warrant on Christopher Torres.  *See* Complaint ¶¶ 70-72 [Doc. 1].  As a result, all proffered items of evidence must be material to proving either or both of these claims.

The post-event occurrences are not material to Plaintiff's allegations.  During the state court trial, Renetta Torres was questioned at length regarding matters that were irrelevant to either the *Monell* or ADA claims.  Ms. Torres was asked about, and testified that when she was driven up to her street, there were "police cars everywhere," there was a mobile unit, and SWAT vehicles.  She also said there were officers with assault rifles on the ends of the street and on the roofs of her neighbors' houses, and that her street was blocked off.  She also said that officers were still yelling Christopher's name, and telling him to come out, after the fact.  The presence of police officers, and the actions of the officers after the fact, have no bearing on whether Detectives Hilger and Brown used excessive force in the moment, or violated Christopher Torres's rights under the ADA.  As a result, the police presence on scene and their actions are irrelevant, and should be excluded pursuant to Rules 401 and 402.

Similarly, Ms. Torres's encounters with police officers and alleged failures on the part of APD post-incident are irrelevant.  Ms. Torres stated that when she approached the scene an officer told her she could not go any further because it was a "kill zone."  She also said that after waiting, an officer stated, in a detached way, that "I regret to inform you your son is deceased." Furthermore, Ms. Torres stated that APD failed to offer a chaplain to the family.  Additionally, there was discussion that while Detective Hilger had a "buddy officer" present during his questioning, no buddy officer was provided to Plaintiff's family.  Finally, Ms. Torres stated that her family was not informed about Christopher's death until after the news had broadcast the story.  Each of these matters occurred post-incident.  Furthermore, none of these interactions between Ms. Torres and APD are material to proving that excessive force was used, or that Christopher's civil rights were violated.  As a result, the post-incident interactions between the Torres family and APD at the scene of the incident are irrelevant, and should be excluded.

Discussion of the search warrant, and the subsequent search of the house are not relevant to Plaintiff's claims, and should thus be excluded.  During the state court trial, Plaintiff presented evidence that the SWAT team broke down Plaintiff's door, and asked questions alleging that the SWAT team left the house a mess. The subsequent issuance and execution of the search warrant are not material to proving if excessive force was used or if the ADA was violated at the time of the incident.  As a result, they are irrelevant, and should be excluded.

Furthermore, assuming these post-incident events were relevant, they are inflammatory in nature, and any probative value it may have would substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. *See* Rule 403. The alleged conduct of APD's manner in which, and timeliness of informing the Torres family of Christopher's death, as well as the failure to provide a chaplain or other supportive figure, has no

4

probative value regarding Plaintiff's claims.  Furthermore, it is meant to outrage the jury by portraying APD as insensitive and not caring.  Similarly, the alleged presence of, and conduct of the officers in calling the scene a "kill zone," yelling Christopher's name, and breaking down the door to execute a search warrant also have no probative value.  Instead, these acts are highly inflammatory, and would confuse the issues and mislead the jury into focusing on facts of alleged bad conduct after the incident, instead of focusing on the events leading up to the shooting.  Additionally, the fact that the Plaintiff's door was broken during the execution of the search warrant, and allegation that the SWAT team left the house a mess, would result in unfair prejudice.  The execution of the warrant has no probative value, but the facts and allegations surrounding the execution would likely outrage the jury and draw attention from the relevant matter of proving excessive force and a violation of the ADA at the time of the incident, thus confusing the issues and misleading the jury.  The post-incident events are not relevant to Plaintiff's allegations. Plaintiff's complaint makes no allegation that post-incident acts violated Christopher Torres's civil rights.  Instead, it is the conduct leading up to, and during the incident that are probative.  All post-incident acts are not probative, and would result in unfair prejudice. As a result, the post-incident conduct should be excluded pursuant to Rule 403.

Finally, the circumstances surrounding the interview of Detective Hilger are also inadmissible pursuant to Rules 401, 402, and 403.  Plaintiff alleged that Detective Lavilla waited to interview Detective Hilger until he could "lawyer up," even though Plaintiff did not have proof.   Plaintiff also presented evidence that Detective Hilger had his lawyer, a union representative, and a "buddy officer" present during his interview.  The presence of these individuals has no relevance to Plaintiff's allegations in his complaint.  There is no indication that Detective Hilger was untruthful during his interview.  Furthermore, the presence of these

individuals does not violate any law or procedure.  Bringing up the parties present to Detective

Hilger's interview would only result in unfair prejudice to the Defendants.  There is no indication

Detective Hilger was untruthful during his interview.  As a result, the presence of an attorney, a

union representative, and a buddy officer would have little if any probative value.  During the

state court trial, Plaintiff already attempted to draw the connection that the mere presence of the

individuals calls into question Detective Hilger's statement.  Allowing this to occur in this case

would result in unfair prejudice and mislead the jury.  Again, there is no proof that Hilger was

untruthful.  Therefore any attempt on the part of Plaintiff to indicate his untruthfulness by

referring to the legitimate presence of others during his interview should be excluded.

Plaintiff should also be excluded from alleging or questioning that Detectives Hilger and

Brown were not properly separated after the incident and prior to their interviews.  Plaintiff has

no evidence that Detectives Hilger and Brown were not separated, nor that they talked about the

facts of the incident prior to being interviewed.  The testimony, however, does show that when

the investigating detective arrived on scene, both Detective Hilger and Brown were in separate

vehicles.  Without evidence, Plaintiff would be improperly speculating that the Detectives were

allowed time to collaborate on their versions of the event.  Furthermore, even the mere allegation

of collaboration would be unfairly prejudicial.  Plaintiff's baseless assertion would unfairly

prejudice the jury, by asserting an unsupported claim that Detective Hilger and Brown were

lying about the incident.  As a result, Plaintiff's should be excluded from alleging or questioning

that Detectives Brown and Hilger were not properly separated.

Each of these post-incident occurrences are not relevant to Plaintiff's *Monell* claim and

claim that Christopher Torres's civil rights were violated under the ADA.  The alleged

deficiencies or improprieties on the part of APD during the post-incident investigation provide

no probative value to Plaintiff's claims.  Instead, they were used throughout the state court case in an attempt to enhance their claims.  Clearly the post-incident investigation has no bearing on the claims of excessive force and civil rights violations.  Furthermore, they would cause unfair prejudice and would likely mislead the jury.  Therefore, any reference to the post-incident investigation and occurrences should be excluded.

WHEREFORE, Defendants, Christopher Brown, Richard Hilger, and the City of Albuquerque respectfully request that the post-incident occurrences and investigation be excluded as evidence.

Respectfully submitted,

BUTT THORNTON & BAEHR PC

"Electronically Filed"

/s/_____
Attorneys for Christopher Brown, Richard Hilger and
the City of Albuquerque
Butt, Thornton & Baehr, P.C.
P.O. Box 3170
Albuquerque, NM  87190-3170
Telephone (505) 884-0777

I hereby certify that on this 3rd day of
June, 2014 the foregoing was served
Electronically via CM/ECF to the following:

Randi McGinn, Esq.
randi@mcginnlaw.com

Kathleen J. Love, Esq.
Kathy@mcginnlaw.com

Luis Robles, Esq.
luis@roblesrael.com

Douglas E. Gardner, E
douglas@roblesrael.com

David Roman, Esq.
droman@roblesrael.com


*/s/* W. Ann Maggiore
W. Ann Maggiore