IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STEPHEN TORRES, as Personal Representative
of the Estate of CHRISTOPHER TORRES, deceased,

           Plaintiff,

v.                                                    12-CV-01048 RB/KBM

CITY OF ALBUQUERQUE, ex. rel
ALBUQUERQUE POLICE DEPARTMENT;
CHRISTOPHER BROWN; and
RICHARD HILGER,

           Defendants.

## DEFENDANTS' MOTION IN LIMINE #5 TO EXCLUDE ANY REFERENCE OR EVIDENCE OF THE FAILURE TO USE A BELT TAPE RECORDER OR ERASING BELT TAPE RECORDERS

**COME NOW** Defendants, Christopher Brown, Richard Hilger and the City of Albuquerque, through their attorneys, Butt Thornton & Baehr PC (W. Ann Maggiore), and Robles, Rael and Anaya (Luis Robles, Douglas Gardner and David Roman) and move this Court *in limine* pursuant to Rules 401, 402, 403 and 404 to exclude any reference to events that occurred after the shooting to show a "pattern and practice" to support Plaintiff's *Monell* claim. Plaintiff's counsel has been contacted regarding the filing of this Motion, and opposes the relief sought herein. As grounds, Defendants state as follows:

    **I. BACKGROUND**

This case involves allegations of §1983 claims of excessive force against Detectives Christopher Brown and Richard Hilger, and *Monell* claims against the City of Albuquerque. The underlying incident took place April 12, 2011. On that date, Detectives Christopher ("CJ") Brown and Richard Hilger went to 7601 Sunrose NW to serve an arrest warrant on Christopher

Torres. The arrest warrant was for an aggravated battery that had occurred on February 13, 2011. The detectives were not aware that Torres carried a diagnosis of paranoid schizophrenia. A physical confrontation occurred during which Torres disarmed Hilger. Brown then fatally shot Torres.

At the state court trial, Plaintiff's counsel attempted to elicit testimony that the Defendant Detectives erased belt tape recordings. Among the testimony that Plaintiff attempted to elicit was that Detective Lavilla failed to turn over the Detectives' belt recorders to determine if they were erased, or alternatively, that the Detectives failed to use recording devices. There is no evidence to support a claim that the Detectives created, then erased their belt tapes. Additionally, there is no proof that belt tapes can be tested to determine if information was erased. Furthermore, Albuquerque Police Department Standard Operating Procedure ("SOP") 1-39 Use of Tape/Digital Recorders, attached hereto as Exhibit A, does not appear to require detectives to utilize recording devices. Any mention of erasing belt tapes, or failure to record would have no relevance to this case and the only reason for such evidence would be to further seek an improper emotional response from the jury. As such, this evidence must likewise be precluded.

## II.    Legal Argument

Fed. R. Evid. 401 states that, "[e]vidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action."

"Although the definition of 'relevant evidence' given in Federal Rule of Evidence 401 is broad, it does have limits. Evidence must be probative of a fact of consequence in the matter, and must have a tendency to make the existence of that fact more or less probable than it would have

been without the evidence." *United States v. Hollister*, 746 F.2d 420, 422 (8th Cir. 1984). The trial court's decision to exclude evidence as irrelevant is within its sound discretion and will not be reversed absent an abuse of discretion. *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 839 (10th Cir. 1988).

The alleged failure to utilize belt recorders, and alternatively that the belt tape recorders were erased, are not relevant to Plaintiff's allegations of excessive force and deprivation of civil rights and violation of Americans with Disabilities Act. "Relevancy describes the relationship between a proffered item of evidence and a proposition which is provable or material in a given case. There is no legal test of relevancy and reference must be made to logic or general experience to demonstrate the existence of a relationship and its proximity or remoteness." *United States v. Craft*, 407 F.2d 1065, 1069 (6th Cir. 1969). In this case, Plaintiff has brought a *Monell* claim under 42 U.S.C. § 1983 based on allegations of excessive force by the Albuquerque Police Department. *See* Complaint ¶¶ 58-65 [Doc. 1]. Additionally, Plaintiff has brought a claim under the American Disabilities Act based on allegations that the Albuquerque Police Department discriminated against Christopher Torres by failing to use a member of its crisis intervention team in executing the arrest warrant on Christopher Torres. *See* Complaint ¶¶ 70-72 [Doc. 1]. As a result, all proffered items of evidence must be material to proving either or both of these claims.

In this case, Plaintiff's baseless assertion that the belt tapes may have been erased are not relevant. Plaintiff has no proof for this assertion, but is merely speculating that the belt tapes may have been erased. Relevance requires that the evidence possess "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Since there is no support for this claim, it has no tendency to make any fact more or less probable.

3

Therefore, it is irrelevant.

Similarly, any assertion that there was a failure to test whether the belt tapes were erased would be irrelevant. There is no proof that belt tape recorders can be tested to determine if material was erased. Therefore, any assertion that there was a failure to test if the belt tapes were erased are also irrelevant.

Lastly, claiming that the Detectives failed to use a recording device is irrelevant. The standard operating procedure in place at the time requires only officers, not detectives, to use recording devices. *See* Ex. A. From the SOP, it appears the Detectives in this case were not required to use a recording device when they encountered Christopher Torres. Alternatively, there is no evidence that the Detectives purposefully failed to use a recording device. The failure on the part of the Detectives to record the incident, which does not appear to be required, and was not done purposefully, would have no tendency to make any fact more or less probable.

Additionally, this evidence should be excluded as unfairly prejudicial. Fed. R. Evid. 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In the state court case, Plaintiff attempted to raise the inference that the Defendant Detectives erased their belt tape recorders after the incident. There, however, is no proof whatsoever that the Detectives erased their belt tape records. Without factual support, there is little if any probative value to Plaintiff's inference that belt tapes were erased. The Defendants, however, would be unfairly prejudiced if Plaintiff is allowed to attempt to draw such an inference in this case. Plaintiff's attempt to show that belt tapes were erased would be done to invoke the passions, prejudices and sympathies of the jurors. A jury could be misled into

believing that an unsupported claim that belt tapes were erased would show that the Detective acted improperly, and would use this unsupported evidence for improper purposes. As a result, any attempt to raise the inference that belt tapes were erased should be excluded pursuant to Rule 403.

WHEREFORE, Defendants, Christopher Brown, Richard Hilger, and the City of Albuquerque respectfully request that Plaintiff be excluded from attempting to elicit testimony to raise an inference or claim that Detectives Christopher Brown or Richard Hilger erased their belt tape recorders.

Respectfully submitted,

BUTT THORNTON & BAEHR PC

"Electronically Filed"

/s/ W. Ann Maggiore
Attorneys for Christopher Brown, Richard Hilger
and the City of Albuquerque
Butt, Thornton & Baehr, P.C.
P.O. Box 3170
Albuquerque, NM  87190-3170
Telephone (505) 884-0777

I hereby certify that on this 3rd day of
June, 2014 the foregoing was served
Electronically via CM/ECF to the following:

Randi McGinn, Esq.
randi@mcginnlaw.com
Kathleen J. Love, Esq.
Kathy@mcginnlaw.com

Luis Robles, Esq.
luis@roblesrael.com

Douglas E. Gardner, E
douglas@roblesrael.com

David Roman, Esq.
droman@roblesrael.com


*/s/* W. Ann Maggiore
W. Ann Maggiore