IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STEPHEN TORRES, as Personal Representative
of the Estate of CHRISTOPHER TORRES, deceased,

Plaintiff,

v.                                                  12-CV-01048 RB/KBM

CITY OF ALBUQUERQUE, ex. rel
ALBUQUERQUE POLICE DEPARTMENT;
CHRISTOPHER BROWN; and
RICHARD HILGER,

Defendants.

**DEFENDANTS' MOTION IN LIMINE # 6 TO EXCLUDE EVIDENCE OF
DETECTIVES' FAILURE TO RECORD THE INCIDENT OR EVIDENCE THAT THE
RECORDERS WERE ERASED**

COME NOW Defendants, Christopher Brown, Richard Hilger and the City of
Albuquerque, through its attorneys, Butt Thornton & Baehr PC (W. Ann Maggiore), and Robles,
Rael and Anaya (Luis Robles, Douglas Gardner and David Roman) and move this Court *in limine*
pursuant to Fed. R. Evid.401, 402 and 403 and 404 to exclude any reference to the alleged
violation of Standard Operating Procedure 1-39, the failure of Detectives Brown and Hilger to
record the incident, or that Detectives Brown or Hilger erased their recorders. As grounds,
Defendant states as follows:

**I. BACKGROUND**

This case involves allegations of excessive force against Detectives Brown and Hilger, and
Monell and ADA claims against the City of Albuquerque resulting from an officer involved
shooting on April 12, 2011. On that date, Detectives Christopher ("CJ") Brown and Richard Hilger
(collectively "Detectives") went to 7601 Sunrose NW to serve an arrest warrant on Christopher

1

Torres. The arrest warrant was for an aggravated battery that had occurred on February 13, 2011. The detectives were not aware that Torres carried a diagnosis of paranoid schizophrenia. A physical confrontation occurred and Torres disarmed Hilger. Brown then fatally shot Torres.

In the state court case, Plaintiff made several references that Detectives, violated Albuquerque Police Department Standard Operating Procedures ("SOPs").  Specifically, Plaintiff questioned witnesses regarding the SOP 1-39, Use of Tape/Digital Recorders, alleging that the Detectives failed to utilize tape or digital recorders during the incident in violation of this SOP. Additionally, in the state court case, Plaintiff's counsel cross-examined the criminal case agent as to why she had not taken the recorders to test them to see if anything had been erased, even though there is no evidence to support the theory that the recorders had been erased.

## II. LEGAL ARGUMENTS

In this case, the SOP regarding recording the incident is irrelevant to Plaintiff's claims against the Defendants.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. The 10th Circuit "has consistently held that the violation of police regulations is insufficient to ground a § 1983 action for excessive force." *Tanberg v. Sholtis*, 401 F.3d 1151, 1163 (10th Cir. 2005) (cases collected). "Consistent with other circuit courts, the Tenth Circuit holds that the violation of state law and SOPs will not turn an otherwise constitutional use of force into a violation of § 1983." *Montoya v. Sheldon*, CIV 10-0360 JB/WDS, 2012 WL 5476882 (D.N.M. Oct. 31, 2012) (relying on *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001)). "The clearly established law also does not permit a plaintiff to establish a constitutional violation with evidence that the officers violated SOPs." *Jonas v. Bd. of Comm'rs of Luna Cnty.*, 699 F. Supp. 2d 1284, 1299 (D.N.M. 2010).

In this case, Plaintiff has alleged that the Defendants violated Mr. Torres's constitutional rights.  Each claim has elements of proof independent of a showing that an SOP was violated.  As shown above, the violation of an SOP does not support a showing that the constitution was violated.  Since an SOP provides no ground for proving constitutional violations, it cannot make a fact in this case more or less probable.  As a result, any mention of SOP 1-39, or inference that the Detectives failed to comply with SOP 1-39's requirement to record contacts should be excluded as irrelevant.

Furthermore, even if the SOP itself were to have some relevance generally, it is irrelevant in this case.  The SOP for recording contacts in force at the time of the incident did not apply to detectives.  Instead, the requirement to record contacts with the public was limited to officers. As a result, any failure on the part of Detectives to follow SOP 1-39 would not make any fact pertinent to Plaintiff's claims more or less probable.  Therefore, SOP 1-39 and any inference that the Detectives were required to record the contact are irrelevant and should be excluded.

Assuming that SOP 1-39 and any inference that the Detectives failed to record the incident are found to be relevant, they should be excluded pursuant to Fed. R. Evid. 403.  Fed. R. Evid. 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In this case, any reference to SOP 1-39, or inference drawn therefrom that Detectives improperly failed to record their contact with Mr. Torres, would be unfairly prejudicial to Defendants.  Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Montoya*, CIV 10-0360 JB/WDS, 2012 WL 5476882 (D.N.M. Oct. 31, 2012). Any attempt to infer a violation of the SOP is simply

Plaintiff's attempt to create evidence that the Detectives acted improperly and are attempting to hide information. As shown above, the evidence is irrelevant as it will not help the trier of fact determine the validity of Plaintiff's claims for constitutional violations. Designed to infer dishonesty of the two detectives, the evidence is more prejudicial than probative in violation of Rule 403. As a result, it should be excluded.

Furthermore, the evidence is likely to confuse the jury.  With regard to SOPs, the 10th Circuit has "concluded that evidence of the SOPs could cause the jury to mistake violations of the SOPs for a constitutional violation." *Tanberg*, 401 F.3d at 1164 (10th Cir. 2005).  In this case, Plaintiff is not only attempting to introduce an SOP, but one that was not applicable to the actors involved.  Since SOPs are likely to confuse juries with regard to what establishes a constitutional violation, the Court should exclude any evidence or mention of SOP 1-39, and any inference that Detectives improperly failed to record their contact with Mr. Torres.

Additionally, any reference to the alleged failure to inspect the recorders to determine if the recorders had been erased is irrelevant, and would be unfairly prejudicial.  Plaintiff previously questioned the criminal case agent as to why she had not taken the recorders to test them to see if anything had been erased, thus inferring that the detectives had recorded the incident and erased it even though no evidence exists to support this theory.  Since there is no factual basis for this claim, the assertion of the failure to test if the recorders were erased would have little, if any probative value.  This line of questioning is done solely to improperly infer the dishonesty of the Defendants.   The prejudice inherent in this purported evidence substantially outweighs the negligible probative value it may have.

WHEREFORE, Defendants Brown and Hilger, and the City of Albuquerque, respectfully requests that evidence of SOP 1-39 and any inference that Detectives Hilger and Brown improperly

failed to record their contact with Mr. Torres, and any evidence or inference that Detective Hilger and Brown's recorders were erased, be excluded.

Respectfully submitted,

BUTT THORNTON & BAEHR PC

 "Electronically Filed"

/s/  W.  Ann  Maggiore
Attorneys for Christopher Brown,
Richard Hilger and the City of
Albuquerque
Butt, Thornton & Baehr, P.C.
P.O. Box 3170
Albuquerque, NM  87190-3170
Telephone (505) 884-0777

I hereby certify that on this 3rd day of
June, 2014 the foregoing was served
Electronically via CM/ECF to the following:

Randi McGinn, Esq.
randi@mcginnlaw.com
Kathleen J. Love, Esq.
Kathy@mcginnlaw.com

Luis Robles, Esq.
luis@roblesrael.com

Douglas E. Gardner, E
douglas@roblesrael.com

David Roman, Esq.
droman@roblesrael.com


*/s/* W. Ann Maggiore
W. Ann Maggiore